### Packard Estate

*Anthony L. Differ, Fox, Differ, Callahan & Ulrich, Charles C. Townsend,* and *Townsend, Elliott & Munson,* for accountants.

*Martin J. Levitas,* for estate of donee and for income beneficiaries of property as appointed.

TAXIS, P. J., May 2, 1974.—The reason for the

filing of the present account is the death of Ruth P. Drayton, life tenant, on September 25, 1973. . . .

In Item Ninth of her will, testatrix provided that, in case of a vacancy in the office of individual trustee, she appointed such person as might be selected by a majority of her children. The three surviving children selected George V. Strong, Jr., to be the individual trustee of this trust. He resigned in 1972, and the surviving children appointed George R. Packard, 3d, as substitute trustee.

The question has been presented whether Ruth Packard Drayton, the life tenant, has exercised the power of appointment given by her mother. The donor of the power provided in Item Fourth (c) of her will that Ruth Packard Drayton was to receive the income for life and upon her death "to pay over, assign and convey the principal of said share and any and all accumulations thereof to such person or persons and for such uses and purposes as she may by will or other writing in the nature thereof direct, limit or appoint; and in default of such appointment, to subdivide such share and any and all accumulations thereof unto as many equal parts as there shall be children of hers living at the time of the death of the survivor of my said daughter, my husband and myself, and children of hers then dead leaving issue then living, . . ."

Under the will of Elizabeth W. W. Packard, Ruth Packard Drayton was given a general power to appoint by her will the principal of the trust. By partial release of power of appointment, executed on May 25, 1943, Mrs. Drayton limited the class to whom she could appoint. Thus, the power became a limited or special power: Jeffers Estate, 394 Pa. 393.

Mrs. Drayton died on September 25, 1973, leaving a will in which by Item Fourth she attempted to ap-

point the principal of the trust to "my Trustees," Frederick R. Drayton and Provident National Bank.

In the partial release, Mrs. Drayton defined the class to whom she could appoint as being "the limited class described in Section 811(f)(2)(A) of the Internal Revenue Code as amended by Section 403(a) of the Revenue Act of 1942." That class is described as follows:

"The spouse of the decedent, spouse of the creator of the power, descendants of the decedent or his spouse, descendants (other than the decedent) of the creator of the power or his spouse, spouses of such descendants": Internal Revenue Code of 1939, sec. 811 (f)(2)(A).

The general rule in this situation is stated in Scott on Trusts, sec. 17.2, at pages 178-180, as follows:

"Where power is conferred upon the donee simply to appoint to or among the members of a class, it has been held that he cannot make an effective appointment to trustees for one or more members of the class. If, on the other hand, he is empowered to appoint among members of the class in such form or manner as he may determine, he can properly appoint to trustees for one or more members of the class. The ultimate question is, of course, a question of the manifestation of intention of the donor."

The accountants contend that the principal of the trust should be distributed outright and that the trust should terminate. The court, however, concludes contrarily that the power was properly exercised, the power given in Elizabeth W. W. Packard's will is broad, as indicated above, and that there being no obvious intention to the contrary, power has been properly exercised. See Bracken Trust, 7 Fiduc. Rep. 107, and cases cited therein. . . .

And now, May 2, 1974, this adjudication is confirmed nisi.